UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CHRIS MORGAN, Individually and
On Behalf of All Others Similarly
Situated,

    Plaintiff,

v.

EMERCHANTBROKER.COM, LLC;
and FIRST AMERICAN MERCHANT
SERVICES, LLC.,

    Defendants.

Civil Action No.: 3:17-cv-00023

CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff CHRIS MORGAN ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants EMERCHANTBROKER.COM ("Emerchant"), and FIRST AMERICAN MERCHANT SERVICES, LLC ("First American") (hereinafter, collectively referred to as "Defendants") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about

abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . .." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

6. Venue is proper in the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this district because Defendants:

    (a) are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this district, specifically within the city of Charlottesville;

(b) do substantial business within this district; and
(c) are subject to personal jurisdiction in this district because they have availed themselves of the laws and markets within this district by making unlawful telephone calls in this district.

**PARTIES**

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Charlottesville, Commonwealth of Virginia. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant Emerchant is, and at all times mentioned herein was, a California limited liability company, and is a "person" as defined by 47 U.S.C. § 153 (39).

9. Upon information and belief, the website for Emerchant is https://www.emerchantbroker.com.

10. Emerchant's website claims, "Located in Los Angeles, California, we provide payment processing services for merchants of all sizes. We work with traditional business types as well as high risk merchants that have difficulty getting approved. We are devoted to the customer's experience and exceeding their expectations. We have an A+ Rating with the BBB and a #1 rating with TopCreditCardProcessors.com. Get started today by clicking Apply Now."

11. Plaintiff is informed and believes, and thereon alleges, that Defendant First American is also a California limited liability company and owner (or frequent user) of one or more of the telephone numbers used by Defendant Emerchant to make telephone calls to Plaintiff in violation of the TCPA; and Defendant First American is, and at all times mentioned herein was, a company, and is a "person" as defined by U.S.C. § 153 (39).

12. Upon information and belief, the website for FirstAmerican is https://www.firstamericanmerchant.com.

13. Defendant First American's website claims: "Get Working Capital For Your Business Today! Qualify For Up To $250,000 in minutes."

14. Defendant First American also offers merchant services including to a variety of credit card processing options and business funding.

15. Plaintiff further believes and thereon alleges that both Defendants are either a single entity or a partnership, which employs the same employees to make unauthorized marketing calls on their behalf.

16. Plaintiff alleges that at all times relevant herein Defendants conducted business in the Commonwealth of Virginia and in the City of Charlottesville, and within this judicial district because they made unlawful telephone calls within this district to Virginia residents.

### FACTUAL ALLEGATIONS

17. At no time did Plaintiff ever enter into a business relationship with Defendants.

18. On or about September 10, 2011, Plaintiff registered his cellular number ending in "8433" with the National Do Not Call Registry ("DNC") in order to stop receiving any marketing calls.

19. On or about February 20, 2017, at approximately 4:00 p.m, Defendants initiated a telephone call to Plaintiff's cellular telephone number ending in "8433."

20. Upon information and belief, Defendant placed this call using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

21. The telephonic communication was initiated from telephone number displayed as 302-299-1009.

22. Defendants' call constituted a call that was not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. During the call, once a representative of Defendants came on the line, he introduced himself as "Adam" and explained that he was calling on behalf of both Defendants, and solicited Plaintiff to purchase Defendants' merchant services.

24. Defendants' representative also provided Plaintiff with his direct line "310-593-4051."

25. Plaintiff, wishing that Defendants take Plaintiff's number off their call list, said that he was not interested, and said "can you place me on the . . ." at which time Defendants' representative disconnected the call.

26. On or about February 28, 2017, Plaintiff dialed the operator at 302-299-1009.

27. When Defendants' operator came on the line, Plaintiff asked if Defendants could "remove [Plaintiff's cellular number] from [their] auto-dialer."

28. Defendants' operator confirmed and removed Plaintiff's phone number from their ATDS.

29. Upon information and belief, the ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30. Upon information and belief, the ATDS used by Defendants also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

31. Upon information and belief, this telephone call was made to Plaintiff for the purpose of soliciting Plaintiff's business. The telephone call was unwanted by Plaintiff.

32. Defendants did not have prior express written consent to place the solicitation call to Plaintiff.

33. The telephonic communication by Defendants, or their agent(s), violated 47 U.S.C. § 227(b)(1).

34. Through Defendants' aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

35. Plaintiff was personally affected by Defendants' aforementioned conduct because Plaintiff was frustrated and distressed that Defendants interrupted Plaintiff with an unwanted call using an ATDS.

36. Defendants' call forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

37. Defendants' call to Plaintiff's cellular telephone number was unsolicited by Plaintiff and without Plaintiff's permission or consent.

38. Plaintiff is informed and believes and hereupon alleges, that the call was made by Defendants and/or Defendants' agent(s), with Defendants' permission, knowledge, control and for Defendants' benefit.

39. Through the aforementioned conduct, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

41. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from Defendants or their agent/s and/or employee/s, not made for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

42. Excluded from the class definition are any employees, officers, directors of Defendants, any attorney appearing in this case, and any judge assigned to hear this action. Plaintiff does not know the number of members in the Class, but believes that the Class members

number in the several thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

43. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

44. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

45. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

46. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendants or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

b) Whether Defendants can meet their burden of showing Defendants obtained prior express written consent;

c) Whether Defendants' conduct was knowing and/or willful;

d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e) Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

47. As a person that received at least one telephonic communication from Defendants' ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

48. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

49. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

50. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

51. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

54. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each Class member are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

58. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each Class member are entitled to an award of $1,500.00 in statutory damages,

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as follows against Defendants and each of them:

- Certify the Class as requested herein;

- Appoint Plaintiff to serve as the Class Representative in this matter;

- Appoint Plaintiff's Counsel as Class Counsel in this matter;

- Provide such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendants and each of them:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: March 20, 2017

Respectfully submitted,
**CHRIS MORGAN**
By Counsel

By: _s/ DALE W. PITTMAN_
Dale W. Pittman (VSB#15673)
**THE LAW OFFICE OF DALE W. PITTMAN, PC**
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3368
dale@pittmanlawoffice.com

Abbas Kazerounian (CA Bar No. 249203)
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ak@kazlg.com
*Pro Hac Vice Motion To Be Filed*

Joshua B. Swigart (CA Bar No. 225557)
Yana A. Hart (CA Bar No. 306499)
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022
josh@westcoastlitigation.com
yana@westcoastlitigation.com
*Pro Hac Vice Motion To Be Filed*

Craig Lebowitz, Esq. (MA Bar No. 554995)
**LEBOWITZ LAW GROUP**
25 Wade St.
Brighton, MA, 02135
Telephone: 617-208-4611
Facsimile: 888-210-7044
craig@lebowitzlawgroup.com
*Pro Hac Vice Motion To Be Filed*

*Attorneys for Plaintiff*